IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARY BOND,

Plaintiff,

v.

WRIGHT MEDICAL TECHNOLOGY, INC.,
and WRIGHT MEDICAL GROUP, INC.,

Respondents in Discovery/Defendants.          Case No. 12-cv-597-DRH-DGW

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

The issue before the Court is the determination of whether Wright Medical Technology, Inc., and Wright Medical Group, Inc., (Collectively, "Wright") properly removed this cause of action on May 9, 2012, pursuant to diversity jurisdiction under 28 U.S.C. § 1332 (Doc. 2). Plaintiff Mary Bond ("Bond") argues the cause was not properly removable and must be remanded, as she brought the underlying action against Wright as "respondents in discovery," not defendants (Docs. 7, 8). Wright naturally opposes remand (Doc. 18). For the following reasons, the Court **GRANTS** Bond's motion and **REMANDS** this cause of action back to the Circuit Court, Third Judicial Circuit, Madison County, Illinois.

## II. ARGUMENTS

The underlying action arises from Bond's total hip arthoplasty held on March 23, 2007, in Madison County, Illinois. Bond alleges numerous complications resulted from said hip surgery. Bond states that at the time of surgery, a Wright PROFEMUR Total Hip System was implanted. Customarily in the prosthetic field, Bond alleges, distributors market and sell devices like the Wright hip system to surgeons and hospitals through specific sales representatives who then attend the surgery. Bond anticipates that she will bring suit against the distributor and the specific sales representative of her artificial hip once she learns their identity. As to the current procedural posture of the underlying proceeding, plaintiff states that in an effort to learn the identity of the distributor and its representative, Bond named Wright as "respondents in discovery." Thus, once she learns the identity of the distributor and representative, Bond intends to seek leave to convert Wright to defendants and add the distributor and company representatives as co-defendants.

This brings us to the crux of Bond's argument for remand. Bond states she has not yet brought suit against Wright as "defendants." Thus, this cause of action was not properly removed pursuant to diversity jurisdiction, 28 U.S.C. § 1332(a), as Section 1332 requires complete diversity of citizenship between plaintiffs and *defendants*, and the removal statute, 28 U.S.C. § 1441, provides only *defendants* may seek removal.

Bond argues "respondents in discovery" are not "defendants." The underlying complaint cites 735 ILCS 5/2-402 as enabling Bond to bring said action against

Wright as "respondents in discovery." Under Illinois law, "[t]he plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, *other than the named defendants*, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action." 735 ILCS 5/2-402 (emphasis added).

However, as there are no named defendants in the underlying action, Bond states the correct citation to authority is in fact ILLINOIS SUPREME COURT RULE 224 which holds, "[a] person or entity who wishes to engage in discovery for the sole purpose of ascertaining the identity of one who may be responsible in damages may file an independent action for discovery." ILL. SUP. CT. R. 224; (*see* Doc. 8, p. 1 n. 1). Regardless of whether Bond cited the correct authority for her underlying cause of action, Bond states Wright did not possess the ability to remove the action to this Court, as she names Wright merely as "respondents in discovery" and not defendants.

Similarly to Bond, Wright notes that 735 ILCS 5/2-402 requires an underlying complaint filed against an actual defendant. *See Roe v. Little Co. of Mary Hospital*, 815 F. Supp. 244, 247 (N.D. Ill. 1992) (Parsons, J.) (holding 2-402 can only be employed where there is an underlying complaint against a defendant) (rev'd on other grounds); *Armour v. Petersen*, 579 N.E.2d 1188, 1189 (Ill. App. Ct. 1991); *Gonzales v. Pro Ambulance Services*, 579 N.E. 2d 1184, 1186 (Ill. App. Ct. 1991); *Jacobs v. Abbott Labs.*, 572 N.E.2d 1231, 1233 (Ill. App. Ct. 1991). Additionally, Wright argues Bond did not follow the proper procedures under ILLINOIS SUPREME COURT RULE .

RULE 224, Wright argues, requires the filing of a "verified petition" as opposed to a complaint, and is supposed to seek a court order permitting the proposed discovery along with an explanation as to why the discovery is necessary. *See* ILL. SUP. CT. R. 224. As Bond's filing does not seek court approval to provide a basis for such discovery and is not a verified petition, Wright argues Bond did not properly file a cause of action against Wright as "respondents in discovery" under RULE 224. Thus, as Wright represents the only named parties in the underlying action, Wright argues it must be "defendants" to hold Bond's underlying complaint procedurally valid. Accordingly, Wright requests a denial of Bond's motion for remand.

### III. LAW AND APPLICATION

Wright removed this case on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000.00, exclusive of interest and costs. The removal statute, 28 U.S.C. § 1441, holding a civil action may be removed "by the defendant or defendants," is construed narrowly; thus, doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Wright bears the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997). "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a

reasonable probability that jurisdiction exists.'" *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)(citations omitted). However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Instantly, the parties do not dispute that complete diversity exists between Bond and Wright. Bond is a citizen of Illinois. Wright is a citizen of both Delaware and Tennessee. The parties similarly concede the amount in controversy exceeds $75,000.00. Thus, the Court is left only to resolve whether Wright qualifies as a "defendant;" thus, capable of removing the instant action under Section 1441.

The status of a plaintiff's case as disclosed by a plaintiff's complaint is controlling on the issue of whether the case is removable. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). Although Wright argues Bond effectively filed a cause of action against Wright as "defendants," on the face of Bond's complaint, she clearly filed against Wright as "respondents in discovery." While the Seventh Circuit has not expressly commented on the ability of a "respondent in discovery" to remove a cause of action to federal court, at least one district court has noted,

> "Respondents in discovery" are creatures of a special provision of Illinois law that permits a plaintiff to seek no relief other than the possible provision of information relevant to plaintiff's underlying substantive claims. As such, those respondents are purely nominal defendants for federal purposes, so that they play no part in any removal equation (for example, if removal of a case were sought on diversity grounds . . . their states of citizenship would be irrelevant).

*Wisniewski v. City of Chicago*, No. 98 C 7682, 1998 WL 895746, *1 (N.D. Ill. Dec.

15, 1998) (Shadur, J.). Additionally, the procedures outlined in both 735 ILCS 5/2-402 and RULE 224 have no applicability in federal court, as a petition for discovery does not appear to the Court to be either a case or a controversy for purposes of Article III's strictures on federal jurisdiction (which do not apply, of course, in state court). *See Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Family & Children's Ctr., Inc. v. School City of Mishawaka*, 13 F.3d 1052, 1058 (7th Cir. 1994); *AT/Comm, Inc. v. Illinois State Toll Highway Auth.*, No. 96 C 6961, 1997 WL 222875, *3 (N.D. Ill. Apr. 24, 1997) (Kocoras, J.); *Lebron v. Gottlieb Mem'l Hosp.*, 930 N.E.2d 895, 917 n. 4 (Ill. 2010) (citing *Greer v. Illinois Hous. Dev. Auth.*, 524 N.E.2d 561, 575 (Ill. 1988)). Further, federal procedural rules, which apply in removed cases as though the action was first filed in federal court, do not contemplate the maintenance of a suit purely for discovery. *See Crook v. WMC Mortgage Corp.*, No. 06-cv-535, 2006 WL 2873439, at *1 (S.D. Ill. Oct. 5, 2006) (Gilbert, J.) (citing *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334, 337 (7th Cir. 1953)). Accordingly, the Court finds "respondents in discovery" are not capable of removal.

Wright argues Bond did not follow the procedural strictures of either 735 ILCS 5/2-402 or RULE 224. However, the Court must construe the propriety of removal based on the face of Bond's complaint. Bond brings suit against Wright as "respondents in discovery." Thus, this Court is the improper forum to address the procedural correctness of Bond's initial action. This impropriety is intensified by the fact Bond is not yet sure of the identity of the additional parties to the underlying

action. As such, it is entirely plausible that the eventual parties will be Illinois citizens and thus capable of destroying the requisite complete diversity of citizenship. Thus, Illinois state court is the proper forum to determine the procedural correctness of Bond's underlying action. Accordingly, Wright has not demonstrated "to a reasonable probability that jurisdiction exists." *Chase*, 110 F.3d at 427. Thus, Bond's motion is **GRANTED** (Doc. 7).

### IV. <u>CONCLUSION</u>

As Wright has not demonstrated to a reasonable probability that jurisdiction exists, the Court is obligated, pursuant to 28 U.S.C. § 1447(c), to **GRANT** Bond's motion and **REMAND** this action back to the Circuit Court, Third Judicial Circuit, Madison County, Illinois (Doc. 7).

**IT IS SO ORDERED.**

Signed this 26th day of June, 2012.

David R. Herndon
2012.06.26
16:03:53 -05'00'

**Chief Judge**
**United States District Court**